UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDGARDO VELAZQUEZ,                    :

          Plaintiff              :        CIVIL ACTION NO. 3:25-913

    v.                                          :           (JUDGE MANNION)

WAGNER INDUSTRIES, INC.,          :

         Defendants          :

## MEMORANDUM

Pending before the court is a motion to dismiss the plaintiff's complaint filed pursuant to Fed.R.Civ.P.12(b)(6) on behalf of defendant Wagner Industries, Inc. ("Wagner"). (Doc. 30). Upon review of the motion and all related materials, Wagner's motion to dismiss will be **DENIED**.

Fed.R.Civ.P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Moreover, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544 at 555).

In ruling on a motion to dismiss, the court generally considers the complaint, exhibits attached to the complaint, and matters of public record. *In re Lengyel*, 2014 WL 2003099 (M.D.Pa. May 15, 2014) (citing *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is

justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir 2004).

By way of relevant background, Wagner was incorporated under New Jersey law on April 3, 1989. (Doc. 30-1). Wagner was engaged in the business of designing and manufacturing industrial machines.

Fast forward to March 19, 2024. On that day, the plaintiff's left arm was pulled into a shear/slitter machine made for flooring material when he was attempting to unjam the rollers of the machine at his workplace. The incident resulted in the plaintiff suffering a degloving injury to his arm. The machine involved in the incident was designed and manufactured by Wagner.

On August 5, 2024, the plaintiff filed a writ in the Court of Common Pleas of Philadelphia County against Forbo Flooring, Inc., and Wagner related to the March 19, 2024, incident. (Doc. 43-4). The writ was served on Wagner on September 3, 2024. (*Id.*).

Three weeks later, on September 24, 2024, Wagner voluntarily initiated its dissolution and began formally winding up its affairs. On that date, the Treasurer of the State of New Jersey certified that Wagner filed a Certificate of Pending Dissolution under N.J.S. 14A:12-3. (Doc. 30-2). The Certificate reflects that Wagner would cease doing business as of that date and did not intend to recommence business.

On January 27, 2025, the Treasurer of the State of New Jersey certified Wagner was dissolved in accordance with the laws of the State. (Doc. 30-3). Shortly thereafter, by stipulation dated February 27, 2025, the plaintiff's action in the Court of Common Pleas of Philadelphia County was dismissed without prejudice. (Doc. 46-1).

On May 23, 2025, the plaintiff filed the instant personal injury action pursuant to 28 U.S.C. §1332 against a number of companies, including: Wagner Industries, Inc., Forbo America, Inc., Forbo America Services, Inc., Forbo Floor Coverings, Inc., Forbo Flooring, Inc., Forbo Siegling, LLC, Forbo Group, Forbo Management SA, and Forbo Holdings, Ltd. (Doc. 1). As to Wagner, the plaintiff brings claims for negligence and strict liability.

On August 4, 2025, Wagner filed the pending motion to dismiss the plaintiff's complaint. (Doc. 30). In its motion, Wagner argues that, since its dissolution was completed January 27, 2025, it became a defunct entity incapable of being sued. Given that this action was commenced on May 23, 2025, approximately four months after its dissolution, Wagner argues that the plaintiff's claims against it are legally futile and warrant dismissal with prejudice as a matter of law. The plaintiff has filed a brief in opposition to Wagner's motion (Doc. 43-1) to which Wagner filed a reply brief (Doc. 47).

- 4 -

As indicated, Wagner was incorporated in the State of New Jersey. Therefore, its capacity to be sued is governed by the laws of that state. Fed.R.Civ.P. 17(b)(2). The New Jersey Business Corporation Act ("NJBCA"), N.J.S.A. §14A:1-1, *et seq.*, governs the methods by which New Jersey corporations can be dissolved and the requirements to achieve dissolution. *See* N.J.S.A. §14A12-1(a)-(h). Under the NJBCA, a corporation's completed dissolution is effective upon the filing of a Certificate of Dissolution, N.J.S.A. §14A:12-8(c), which in this case was filed on January 27, 2025.

While Wagner concedes that it remained subject to suit in between the filing of its Certificates Pending Dissolution and Dissolution, citing to *Global Landfill Agreement Group v. 280 Dev. Corp.*, 992 F.Supp. 692 (D.N.J. 1998), Wagner argues that it ceased being amenable to suit once the Certificate of Dissolution was filed on January 27, 2025.

In *Global*, the Global Landfill Agreement Group was held responsible for cleaning up hazardous substances at a landfill. Global sought contribution for the costs of cleanup from a number of other parties. One of those parties was 280 Development Corporation, a former New Jersey corporation that had dissolved long before the filing of the contribution action. Because 280

- 5 -

Development Corporation had been dissolved, it sought to be dismissed from the action arguing that it could no longer be subject to suit.

In considering the matter, the District Court in New Jersey provided:

> Plaintiff reads the statute to mean that a corporation can be sued indefinitely after it has dissolved, wound up its affairs, and distributed all of its assets. This position is without merit. Plaintiff has pointed to no authority in New Jersey or in this district to support the position that a corporation which has wound up and distributed all of its assets is subject to suit.
>
> Section (2) of the statute is governed by Section (1), which refers to a dissolved corporation winding up its affairs and distributing its assets. It is undisputed that a corporation in that process can sue and be sued. Once the corporation finishes that process, it ceases to exist. A corporation may not be sued in perpetuity.

*Global*, 992 F. Supp. at 695.

In so finding, the *Global* court looked to a comparable New York statute, N.Y. Bus. Corp. §1006, which has been interpreted to mean that an action can only be brought against a dissolved corporation until its affairs are fully adjusted and its assets distributed. *Global*, 992 F.Supp. at 695 (citations omitted). Under the New York statute, once the corporation's affairs are fully adjusted, the corporation is considered defunct and any suits against the company are considered futile. *Id.* Instead, the only remaining remedy is to maintain an action directly against the directors and/or shareholders. *Id.* (citations omitted).

Based upon the similarities between the New Jersey and New York statutes, the New Jersey District Court interpreted the NJBCA to mean that "[a] corporation may indeed be sued while it is winding up its affairs, but that amenability to suit ends when the corporation's assets have been distributed and its affairs wound up." *Id.* at 695-96. The court noted, however, that this would not apply in situations where the corporation was dissolved in order to avoid creditors or potential suits. *Id.* at n.2.

In his brief in opposition to Wagner's motion, the plaintiff argues that, despite Wagner's argument that it is not amenable to suit under the NJBCA, New Jersey law does not prevent a dissolved corporation from being sued after dissolution.[1] In doing so, the plaintiff looks to a number of cases decided both before and after *Global.*

The earliest of the cases relied upon by the plaintiff is *Hould v. John P. Squire & Co.,* 79 A. 282 (N.J. Sup. Ct. 1911), which interpreted the predecessor to the NJBCA as allowing suits against corporations after

---

[1] In his responsive materials, the plaintiff indicates that he has not yet had the opportunity to conduct any discovery of Wagner's business, purported dissolution, the motivation for the initiation of dissolution 21 days after it learned it was being sued by the plaintiff, or Wagner's business activities after dissolution. (Doc. 43-1, p. 2).

dissolution.[2] Construing the statute with an indefinite term liberally, the New Jersey Supreme Court provided that "[t]o hold otherwise would enable a corporation to defeat valid causes of action for heavy damages by the simple expedient of dissolution and organization of a new corporation, taking over the assets of the old one." *Id.* at 283.[3]

Subsequently, in *Newmark v. Abeel*, 102 F.Supp. 993 (S.D.N.Y. 1952), an antitrust action was brought against, among others, L.T.S. Cutter Corporation, a New Jersey Corporation, which had been dissolved in 1948, prior to the action having been filed. In addressing the capacity of L.T.S. Cutter Corporation to be sued, the district court provided:

> The capacity of a corporation to sue or be sued in a Federal Court is 'determined by the law under which it was organized.' Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Since the defendants are New Jersey corporations, the effect of dissolution is dependent upon New Jersey law. *Sedgwick v. Beasley*, 84 U.S.App.D.C. 325, 173 F.2d 918; *Beasley v. Fox*, 84 U.S.App.D.C. 327, 173 F.2d 920; *Treemond Co. v. Schering Corporation*, 3 Cir., 122 F.2d 702.

---

[2] The language of the statute then provided: "All corporations, whether they expire by their own limitation or be annulled by the Legislature or be otherwise dissolved, shall be continued bodies corporate for the purposes of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established." Corporation Act of 1896, §53, P.L. p. 295.

[3] *Hould* appears to be the only case from a binding New Jersey court on the issue. *See GCIU-Employer Retirement Fund v. Progress Printing Co, Inc.*, 2021 WL 3912552, *6 (C.D. Cal. May 10, 2021).

- 8 -

> Section 14:13-4 of the General Corporation Law of New Jersey, N.J.S.A., provides that all dissolved corporations 'shall be continued bodies corporate for the purposes of prosecuting and defending suits by or against them * * * .' Under this section, L.T.S. Cutter Corporation, even though dissolved, is subject for an indefinite period to all 'suits at law or in equity, in contract or tort, or of what nature soever, and whether begun before or after dissolution.' *Hould v. John P. Squire & Co.*, 81 N.J.L. 103, 79 A. 282, 283.

*Newmark v. Abeel*, 102 F. Supp. 993, 994 n.1 (S.D.N.Y. 1952).

Jumping ahead to 1972, the United States District Court for the Eastern District of Pennsylvania decided *Johnson v. Four States Enterprises, Inc.*, 355 F.Supp. 1312 (1972). *Johnson* was a breach of construction contract action brought against Four States Enterprises, Inc., and its directors. The action was ultimately dismissed against the directors for lack of diversity. However, in addressing whether service on a New Jersey registered agent for the corporation which had previously been dissolved was valid and proper service, citing to *Hould*, the court provided that "under New Jersey Law, a corporation after dissolution may be sued for a cause of action in tort arising before such dissolution, and process may be served on the registered agent of the corporation. This Court sees no reason why an action for breach of contract should abate because of dissolution." *Johnson*, 355 F. Supp. at 1319 (citations omitted), *aff'd*, 495 F.2d 1368 (3d Cir. 1974).

- 9 -

Later, the Supreme Court of New York considered whether a dissolved New Jersey corporation, Jenkins Bros., was amenable to suit in an asbestos personal injury action. *See Germain v. A.O. Smith Water Products*, 41 Misc.3d 1228(A) (N.Y.S. 2013).[4] In doing so, the court noted the language of the applicable New Jersey Statute, which reads in relevant part:

**14A:12-9. Effect of dissolution**

(1) Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall carry on no business except for the purpose of winding up its affairs by

(a) collecting its assets;

(b) conveying for cash or upon deferred payments, with or without security, such of its assets as are not to be distributed in kind to its shareholders;

(c) paying, satisfying and discharging its debts and other liabilities; and

(d) doing all other acts required to liquidate its business and affairs.

(2) Subject to the provisions of subsection 14A:12-9(1), and except as otherwise provided by court order, the corporation, its officers, directors and shareholders shall continue to function in the same manner as if dissolution had not occurred. In particular, and without limiting the generality of the foregoing,

(a) the directors of the corporation shall not be deemed to be trustees of its assets ...;

---

[4] The plaintiff's counsel in *Germain* had also named Jenkins Bros. as a defendant in a number of other asbestos personal injury actions. *Germain*, 41 Misc.3d at *1 n. 1.

(b) title to the corporation's assets shall remain in the corporation until transferred by it in the corporate name;

(c) the dissolution shall not change quorum or voting requirements for the board or shareholders ...;

(d) shares may be transferred until the record date of the final liquidating distribution or dividend to shareholders;

(e) the corporation may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred;

(f) no action brought against any corporation prior to its dissolution shall abate by reason of such dissolution.

N.J. Rev. Stat. §14A:12-9.

In its motion to dismiss the action in *Germain*, Liberty Mutual, on behalf of Jenkins, maintained that, once the winding up of a dissolved corporation is completed, there is no longer a corporation against which suits may be commenced. This is the same contention made by Wagner here. Disagreeing with Liberty Mutual, the court in *Germain* reasoned:

Liberty Mutual contends that once the winding up process of a dissolved New Jersey corporation is completed there is no longer a corporation against which suits may be commenced. In this regard, section (1) of N.J. Stat. §14A:12-9, upon which Liberty Mutual relies, establishes a finite post-dissolution list of activities that a dissolved corporation is permitted to undertake for the purpose of winding up its business. The activities identified in section (2) of N.J. Stat. §14A:12-9, which include the ability to sue and be sued as if dissolution had not occurred, are subject to no such limitation because they do not constitute the carrying on of business of the dissolved corporation. If Liberty

- 11 -

> Mutual's interpretation of New Jersey law is that a dissolved corporation is only amenable to suit until it is finished winding up its affairs were correct, the ability to sue and be sued would be included under N.J. Stat. § 14A:12-9(1), not N.J. Stat. § 14A:12-9(2). Similarly, if all of the activities listed in N.J. Stat. § 14A:12-9(2) were intended to be limited to the winding up process, the New Jersey Legislature would have had no reason to draft two subsections to address this issue.

*Germain v. A.O. Smith Water Prods. Co.*, 41 Misc. 3d 1228(A), 981 N.Y.S.2d 635 (Sup. Ct. 2013), *aff'd sub nom. In re New York City Asbestos Litig.*, 116 A.D.3d 571, 984 N.Y.S.2d 335 (2014).

Setting its reasoning apart from that in *Global,* wherein the court pointed to the lack of authority to support a finding that a dissolved corporation remains amenable to suit even after the winding up of affairs, the court in *Germain* first looked to the holding in *Hould, supra.* In doing so, the *Germain* court pointed out that *Hould* was cited with approval in *Int'l Union of Operating Engineers, Local 68, AFL-CIO v. RAC Atlantic City Holdings, LLC*, 2013 WL 353211 (D.N.J. Jan. 29, 2013), decided years after *Global,* wherein the court found that the New Jersey Legislature did not place any limitation on suits against dissolved corporations. *Id.* at *34. The court further looked to *Johnson, supra*, a decision affirmed by the Third Circuit, which found that the NJBCA allows legal actions against a dissolved corporation in the same manner as if dissolution had not occurred. In fact, the *Germain* court provided:

- 12 -

> The majority of courts that have ruled on this issue have agreed that a New Jersey corporation is amenable to suit even after the winding up process has been completed. *See In re Krafft-Murphy Co.*, 62 A3d 94, 103 (Del. Ch. 2013) (New Jersey "statutorily provide[s] for the endless continuation of a dissolved corporation."); *Gilliam v Hi Temp Prods., et al.*, 260 Mich App 98, 123 (2003) ("Unlike Michigan, California, New Jersey, and Alaska have not followed the Model Business Corporation Act (1984) by establishing time limits for claims against a dissolved corporation."); *Johnson v Four States Enterprises, Inc.*, 355 F. Supp. 1312, 1319 (E.D. Pa. Dec. 13, 1972), aff'd 495 F2d 1368 (3d Cir. 1974) ("under New Jersey Law, a corporation after dissolution may be sued for a cause of action in tort arising before such dissolution . . . .); *Dr. Hess & Clark, Inc. v Metalsalts Corp.*, 119 F.Supp. 427, 429 (D.N.J. Mar. 4, 1954) (noting that "New Jersey has, by statute, preserved the right of suit" against dissolved corporations); *Newmark v Abeel*, 102 F. Supp. 993 n.1 (S.D.N.Y. Mar. 3, 1952) (dissolved New Jersey corporations are subject to suit "for an indefinite period").

*Germain*, 41 Misc. 3d 1228(A) at *5. Given the line of authority and the plain meaning of the statute, *Germain* found that New Jersey Law permitted the suit against Jenkins, a dissolved corporation. *See also In re New York City Asbestos Litigation*, 116 A.D.3d 571 (N.Y.S. 2014) ("The plain language of the New Jersey dissolution statute, which governs here, provides for a corporation that has been dissolved to 'sue and be sued in its corporation name' (N.J. Stat. Ann. §14A:12-9 [2] [e]), and the statute places no restriction on how long a dissolved corporation maintains its capacity to be sued for its tortious conduct committed pre-dissolution (*see Hould v John P. Squire & Co.*, 81 N.J.L. 103, 79 A 282 [1911]; *International Union of Operating Engrs.*,

- 13 -

*Local 68, AFL-CIO v RAC Atlantic City Holdings, LLC*, 2013 WL 353211, *10, 2013 U.S. Dist. LEXIS 11413, *34 [D.N.J. 2013]").

More recently, the issue was addressed by the court in *GCIU-Employer Retirement Fund v. Progress Printing Co, Inc.*, 2021 WL 3912552 (C.D. Cal. May 10, 2021). This was an ERISA action brought by the GCIU-Employer Retirement Fund and its Board of Trustees against, among others, Progress Printing Co., Inc., which was required to make contributions to the retirement fund as a signatory to a collective bargaining agreement. Progress was a New Jersey corporation which had ceased operations in 2011 and was officially dissolved under New Jersey law in 2012 prior to the ERISA action being filed.

Relying on *Global, supra*, Progress sought dismissal of the complaint on the basis that it had been fully dissolved and lacked the capacity to be sued. On the other side, the plaintiffs relied upon *Germain, supra,* to argue that the NJBCA provides no limitation on the capacity of a dissolved New Jersey corporation to be sued.

Noting that neither *Global* nor *Germain* was binding on the court in the interpretation of New Jersey law, the court looked to the language of the statute to determine the motion:

> The plain language of sub-section (2)(e) allows a dissolved corporation to sue and be sued as if dissolution had not occurred,

- 14 -

with no limitations other than those set forth in section (1). Section (1) states that a dissolved corporation shall continue its existence, with no temporal limitation. The only restriction is a specific prohibition-the dissolved corporation shall carry on no "business" other than for the purpose of winding up. Suing and being sued is not "business." *See Germain*, 2013 WL 6065986, at *4 ("The activities identified in section (2) of N.J. Stat. §14A:12-9, which include the ability to sue and be sued as if dissolution had not occurred, are subject to no such limitation because they do not constitute the carrying on of business of the dissolved corporation."); *see also* Business, Black's Law Dictionary (11th ed. 2019) (defining the term as "[a] commercial enterprise carried on for profit"). Section (1) does not say that corporate existence shall continue until it has wound up, or only for the purpose of winding up. The corporation may not carry on business, except insofar as it is winding up, but otherwise its legal status exists even after dissolution-including to sue and be sued. The Global Landfill court's conclusion that the corporation "ceases to exist" once it finishes winding up contradicts the plain language of the statute. 992 F. Supp. at 695.

*GCIU-Emp. Ret. Fund*, 2021 WL 3912552, at *4.

Continuing to read subsection (2)(e) in context, the court observed:

Section (2) lists ways in which corporations "shall continue to function in the same manner as if dissolution had not occurred." It does not list activities that the corporation may undertake as part of the winding up process and only until that process is complete-it provides certain principles of the corporate form that endure beyond dissolution. One of these principles is that the corporation can sue and be sued. It would not make sense for sub-section 2(c), which maintains the corporation's quorum and voting requirements, to last only so long as the corporation is in the process is winding up. There also would be no need for sub-sections 2(b) and (d) to specify their own termination conditions if the entire section was conditioned on the corporation being in the process of winding up. The fact that these sub-sections include time limitations and sub-section (2)(e) does not is telling.

- 15 -

> If suing and being sued were part of the winding up process, it would have been listed in section (1), not section (2). *See Germain*, 2013 WL 6065986, at *4 ("If Liberty Mutual's interpretation of New Jersey law is that a dissolved corporation is only amenable to suit until it is finished winding up its affairs were correct, the ability to sue and be sued would be included under N.J. Stat. § 14A:12–9(1), not N.J. Stat. § 14A:12–9(2).")

*Id.* at *5.

Although case law on the issue is sparse, the court went on to outline the case law which more widely accepts the view set forth in *Germain*, rather than *Global*, and noted that the fact that other states' statutes specify a time limit for claims against dissolved corporations, while New Jersey's does not, further reinforces that amenability to suit is perpetual in New Jersey. *Id.*

Finally, the court discussed another reason why it found *Global's* reasoning to be unpersuasive. In this regard the court provided:

> It relies heavily on a case from the Southern District of New York which it claims interpreted an analogous New York statute. *See* 992 F. Supp. at 695 (citing *Flute v. Rubel*, 682 F. Supp. 184, 187 (S.D.N.Y. 1988)). But the New York statute discussed in *Flute*, while similar, states that a dissolved corporation "may continue to function *for the purpose of winding up the affairs of the corporation* in the same manner as if the dissolution had not taken place." N.Y. Bus. Corp. Law §1006(a) (emphasis added). Section 14A:12-9(2), by contrast, states that the dissolved corporation "shall continue to function in the same manner as if dissolution had not occurred"-omitting the phrase, "for the purpose of winding up the affairs of the corporation." In the former statute, the corporation continues to exist *solely* for the purpose of winding up its affairs. The latter contains no such conditional clause. The New York law also uses the permissive "may," suggesting the corporation may choose to end its

existence, while the New Jersey statute uses the mandatory "shall."

*Id.* (emphasis in original).[5]

Considering the positions of the parties, with Wagner's reliance primarily on *Global* and the plaintiff's on *Germain*, and the case law as discussed above interpreting the NJBCA, the court finds the position of the plaintiff better supported. As a result, Wagner's motion to dismiss will be denied. An appropriate order shall issue.


MALACHY E. MANNION
United States District Judge

DATE: 3/20/26
25-913-01

---

[5] In its reply brief, Wagner argues that the rationale applied and decision reached in *Global* continue to be followed. (Doc. 47). In doing so, Wagner cites to *Next Millennium Realty, LLC v. Adchem Corp.*, 2016 WL 1178957 (E.D.N.Y. Mar. 23, 2016), wherein the court addressed whether a dissolved New York corporation was subject to suit under New York's Business Corporation Law. While Wagner argues this law is substantively identical to the NJBCA at issue in this case, this is the same New York law which was distinguished in *GCIU-Employer Retirement Fund, supra.*